**[J-48-2023] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| N.W.M. AND E.M., MINORS, THROUGH THEIR PARENTS AND NATURAL GUARDIANS, J.M., N.M., AND J.A.M., | : | No. 25 EAP 2022 |
| | : | |
| | : | Appeal from the Judgment of the |
| | : | Superior Court entered on |
| Appellees | : | February 1, 2022, at No. 1532 EDA |
| | : | 2020, reversing/remanding the order |
| | : | entered on July 8, 2020, in the Court |
| v. | : | of Common Pleas of Philadelphia |
| | : | County, Civil Division, at |
| | : | No. 200300399. |
| PATRICE LANGENBACH AND | : | |
| DEFENDER ASSOCIATION OF | : | ARGUED: September 14, 2023 |
| PHILADELPHIA, | : | |
| | : | |
| Appellants | : | |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                **DECIDED: May 31, 2024**

The majority astutely observes the difficulties that a plaintiff may encounter in establishing the breach of duty of care and proximate cause elements of a legal malpractice claim against a guardian ad litem (GAL). (Maj. Op. at 38-39). To me, at least, there is also a question as to whether a plaintiff could ever establish the first element of such a claim—*i.e.*, "[t]he employment of the attorney or other basis for duty"—where the GAL is appointed by the court and where the alleged legal malpractice arose only under the GAL's role of representing the best interests (not legal interests) of the child. *Rizzo v. Haines*, 555 A.2d 58, 65 (Pa. 1989) (setting forth elements of legal malpractice claim). Here, however, we resolve only the threshold question of whether GALs are categorically immune from such lawsuits and the authority of the Pennsylvania Superior Court to

address legal issues of first impression involving "policy" considerations.  With respect to

its disposition of these matters, I join the majority opinion in full.